IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN W. DUEVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 05 C 1373 |
| B. JACKSON, Revenue Officer, | ) |
| MARK W. EVERSON, Commissioner | ) |
| of the Internal Revenue Service, and | ) |
| JOHN SNOW, Secretary of the Treasury, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On March 8, 2005, pro se Plaintiff John W. Duever filed a Complaint against Defendants B. Jackson, an Internal Revenue Service ("IRS") Revenue Officer, Mark W. Emerson, Commissioner of the IRS, and John Snow, Secretary of the Treasury. Construing Duever's pro se Complaint liberally, *see Perruquet v. Briley,* 390 F.3d 505, 512 (7th Cir. 2004), he alleges that: (1) the IRS exceeded its authority by issuing, without authorization, a prejudgment lien and levy on his property and (2) the IRS violated the Freedom of Information Act ("FOIA"). Defendants move to dismiss Duever's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons stated herein, the Court grants Defendants' motion to dismiss.

## BACKGROUND

For the purposes of this motion to dismiss, the Court accepts Duever's facts alleged in his pro se Complaint as true. On December 9, 2004, the IRS issued Duever a letter claiming he owed more than $500,000 in taxes. (R. 1-1; Compl., Ex. G.) Subsequently, on December 15, 2004, Duever sent the IRS correspondence requesting the following information under FOIA:

(1) Form 23C, Summary Record of Assessment; (2) Form 2666, Certification of Transcript; (3) photocopies and the forms relevant to Internal Revenue Code sections that define proper assessment and filing procedures; (4) the supporting records the IRS relied upon in determining its assessments; (5) the character of the tax liability that the IRS based its assessment upon; and (6) a request to send updated forms. (*Id.* ¶¶ 2-7, Ex. L.)[1] Duever also claimed that he did not owe the IRS the amount it was demanding and that the IRS could not file a notice of lien or levy without validating the claims. (*Id.*, Ex. L.) Duever alleges that he never received the information he requested in his December 15, 2004 correspondence to the IRS. (*Id.* ¶ 92.)

On January 6, 2005, the IRS issued four "Notice of Levy" forms. (*Id.*, Ex. C, D, E, F.) In response to the IRS issuing the "Notice of Levy" forms, Duever submitted a letter to the IRS stating that they did not have authority under 26 U.S.C. § 6331 to enforce the levies because he was not an "officer," that is, a federal employee, under 26 U.S.C. § 6331(a). (*Id.*, Ex. L.) Additionally, Duever claimed that continuance with the levies would result in a violation of his Fourth, Fifth, Thirteenth, and Fourteenth Amendment rights. (*Id.*, Compl. at 1.)

## **LEGAL STANDARDS**

Defendants bring the present motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). The standard of review for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction depends on the purpose of the motion. *See United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (en banc). If a defendant is challenging the sufficiency of the allegations regarding subject matter jurisdiction, the Court must accept all well-pleaded

---

[1] The content of Duever's Exhibit L, which he asserts is his FOIA request to the IRS, and the IRS' copy of Duever's FOIA request vary slightly. Nevertheless, because the variances are not substantial, the Court relies on Duever's exhibit when outlining his FOIA claim.

factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *See id.* If, however, the defendant denies or controverts the truth of the jurisdictional allegations, the Court may look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists. *See id.*; *see also Capitol Leasing Co. v. FDIC,* 999 F.2d 188, 191 (7th Cir. 1993). The party asserting jurisdiction bears the burden of proof on a Rule 12(b)(1) motion. *Sprint Spectrum L.P. v. City of Carmel, Indiana,* 361 F.3d 998, 1001 (7th Cir. 2004).

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of a complaint – not the merits of the case. *Triad Assoc., Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). The Court will only grant a motion to dismiss if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Centers v. Mortgage, Inc.*, 398 F.3d 930, 933 (7th Cir. 2005) (quoting *Coney v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed.2d 80 (1957)). When determining a motion to dismiss under Rule 12(b)(6), the Court is restricted to reviewing the pleadings, which consist of the complaint, any attached exhibits, and the supporting briefs. *See Thompson v. Illinois Dept. of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). In making its determination, the Court must assume the truth of the facts alleged in the pleadings, construe the allegations liberally, and view them in the light most favorable to the plaintiff. *Centers,* 398 F.3d at 333.

## ANALYSIS

**I.    IRS as Proper Defendant**

Although Duever has styled his Complaint against the named Defendants, it is apparent that Duever is suing the named Defendants in their official capacities, and thus he is actually

3

suing the IRS. *See Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (official capacity claim is lawsuit against governmental entity). In fact, throughout his Complaint, Duever never refers to the named Defendants or their actions, but instead refers to the IRS' actions.

## II. Sovereign Immunity

Because the IRS is an agency of the United States government, the Court's jurisdiction is contingent on whether the government has waived its sovereign immunity. *LaBonte v. United States*, 233 F.3d 1049, 1052 (7th Cir. 2000) ("United States government may be sued only where Congress has waived its sovereign immunity and the existence of such waiver is a 'prerequisite for jurisdiction.'") "Absent a waiver, sovereign immunity shields the federal government and its agencies from suit." *FDIC v. Meyer,* 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). To bring an action against the United States in federal court, a plaintiff must identify the statute conferring subject matter jurisdiction and a federal law waiving the sovereign immunity of the United States. *Clark v. United States,* 326 F.3d 911, 912 (7th Cir. 2003) (per curiam); *see also Department of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261, 119 S.Ct. 687, 142 L.Ed.2d 718 (1999) (plaintiff must show waiver unequivocally expressed in statutory text). Courts strictly construe the scope of the waiver in favor of the government. *Orff v. United States,* ___ U.S. ___, 125 S.Ct. 2606, 2610, ___ L.Ed.2d ___ (2005).

Here, Duever has failed in his burden of identifying any statutes conferring subject matter jurisdiction on the Court or federal laws waiving the sovereign immunity of the United States or its agency, the IRS, under the circumstances. In addition, the IRS informs the Court that it knows of no such waiver under which this action could proceed. Nonetheless, for the sake of

completeness, the Court will address Duever's individual claims in detail.

## III. Duever's Claims

### A. Compensatory Relief

Duever seeks economic damages against the IRS for its alleged unauthorized actions. The Federal Employees Liability Reform and Tort Compensation Act ("FTCA") confers federal jurisdiction over "civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945." *See* 28 U.S.C. § 1346(b). Section 1346(a) states in relevant part:

> a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:
>
> (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws ...

28 U.S.C. § 1346(a). Before proceeding under Section 1346(a), however, Duever must first present his claims to the IRS and the IRS must deny his claims in writing. *See* 28 U.S.C. § 2675; *see also McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed. 2d 21 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). There is no indication from Duever's Complaint or the record that Duever has exhausted his administrative remedies. Accordingly, the FTCA does not confer jurisdiction on the Court or establish congressional waiver of the federal government's sovereign immunity.

Nevertheless, Duever asserts that the IRS cannot seize his property pursuant to the levies

because he is not a federal employee.[2] Duever's argument is unfounded. Section 6331 provides that the Secretary of the Treasury can issue a levy upon a person's property where that person has neglected or refused to pay a tax liability. *See* 26 U.S.C. § 6331(a). It further provides that: "Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving a notice of levy on the employer." Based on this language, Duever contends that under Section 6331(a), the IRS can only issue levies on federal employees' property. *See Rogers v. Vicuna,* 264 F.3d 1, 6 (1st Cir. 2001) (taxpayer's contention that power to levy only applies to federal employees "absurd" and renders plain meaning of Section 6331 meaningless). Duever's contention is erroneous because a levy is applicable to any person who is liable to pay a tax. *See* 26 U.S.C. 6331(a); *see also GM Leasing Corp. v. United States,* 429 U.S. 338, 349, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977). Accordingly, Duever has failed to state a claim upon which relief may be granted under Section 6331(a).

Furthermore, Duever argues that the IRS failed to issue a notice prior to levying his property as required by 26 U.S.C. § 6330(a)(1). Again, before Duever may bring any such grievance in federal district court, he must exhaust his administrative remedies. *See Orum v. Comm'r of Internal Revenue,* 412 F.3d 819, 820 (7th Cir. 2005). "The Internal Revenue Code provides numerous protections for taxpayers when the IRS assesses a tax deficiency. Among other safeguards, the taxpayer has a right to an administrative due process hearing before the IRS

---

[2] The Court presumes that this is also Duever's Fourth Amendment claim as mentioned on the first page of his Complaint. In the context of federal tax liens, the Fourth Amendment prohibits the IRS from conducting warrantless searches of taxpayers' property when enforcing federal tax liens. *See GM Leasing Corp. v. United States,* 429 U.S. 338, 358, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977). Duever has made no allegations of such conduct in his Complaint.

Appeals Office." *Voelker v. Nolen*, 365 F.3d 580, 581 (7th Cir. 2004) (per curiam); *see also* 26 U.S.C. § 6330(b). If the taxpayer is not satisfied with this collection due process ("CDP") hearing, then he may seek judicial review. *See Voelker,* 365 F.3d at 581. In general, any review of a CDP hearing should be brought in Tax Court. *Id.* If the Tax Court lacks jurisdiction, however, the taxpayer may then seek review in federal district court. *Id.*

Here, nothing in Duever's Complaint or the record indicates that Duever ever sought a CDP hearing. Further, Duever makes no arguments that the Tax Court does not have jurisdiction to hear his claims. Therefore, the Court does not have subject matter jurisdiction over this claim because Duever has not exhausted his administrative remedies.

Next, Duever contends that the IRS' levies violated his Fifth, Thirteenth, and Fourteenth Amendments rights. *See* 42 U.S.C. §§ 1983, 1985. Duever has not stated a civil conspiracy claim under the Thirteenth Amendment, as embodied in Section 1985(3), because he has not alleged any racial or class-based discriminatory motive on behalf of the IRS. *See Green v. Benden,* 281 F.3d 661, 665 (7th Cir. 2002). Similarly, Duever's unsubstantiated claim that the levies violated his Fifth and Fourteenth Amendment rights must fail because there is no indication from his Complaint that he is bringing a claim based on the Equal Protection or Due Process Clauses. *See, e.g., Templeton v. Comm'r of Internal Revenue,* 719 F.2d 1408, 1413 (7th Cir. 1983) (citing *Carmichael v. Southern Coal Co.*, 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245 (1937)); *see also Carlson v. United States,* 126 F.3d 915, 925 (7th Cir. 1997).

In any event, the Court does not have subject matter jurisdiction over these claims because the Supreme Court has refused to allow a direct action against a federal agency for constitutional violations. *Meyer*, 510 U.S. at 486 (*Bivens* does not support an extension to

federal agencies). As such, the Court does not have jurisdiction over Duever's constitutional claims.

## B. Injunctive Relief

To the extent that Duever seeks injunctive relief, any such claim must fail. The Internal Revenue Code's Anti-Injunction Act "withdraw[s] jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes." *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 5, 82 S.Ct. 1125 (1962) (citing 26 U.S.C. § 7421(a)). In other words, the Anti-Injunction Act expressly bars lawsuits seeking injunctive relief. *See Matter of LaSalle Rolling Mills, Inc.*, 832 F.2d 390, 392 (7th Cir. 1987). "The manifest purpose of Section 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." *Enochs,* 370 U.S. at 7. The *Enochs* Court, however, recognized an exception to this bar under limited circumstances. *See id.* at 6-7; *see also South Carolina v. Regan,* 465 U.S. 367, 374, 104 S.Ct. 1107, 1111, 79 L.Ed.2d 372 (1984). To establish this exception, a plaintiff must show that: (1) the Government could not prevail under any circumstances; and (2) collection would cause irreparable harm. *Regan*, 465 U.S. at 374. Here, Duever has failed to argue or allege, let alone establish that the Government could not prevail under any circumstances and that he would suffer irreparable harm. Accordingly, the *Enochs* exception does not apply to Duever's claim.

Nevertheless, Duever suggests that Section 7429(b) of the Internal Revenue Code permits

the Court to review his claim for injunctive relief.³ Section 7429(b) "provides for 'expedited' administrative and judicial action in an effort to eliminate to the extent practicable the inevitable delay in obtaining review of jeopardy and termination assessments." *Hiley v. United States,* 807 F.2d 623, 626 (7th Cir. 1986). Simply put, Section 7429(b) only applies to cases where the IRS has issued a jeopardy levy or termination assessment on a taxpayer. *See Wellek v. United States*, 324 F.Supp.2d 905, 910 (N.D. Ill. 2004). Here, Duever does not allege that the IRS issued a jeopardy levy or termination assessment; therefore, Section 7429(b) does not apply to Duever's claim. In sum, because the Anti-Injunction Act bars lawsuits seeking injunctive relief, any such claim fails.

   C.   **Declaratory Relief**

Duever seeks "a determination of the reasonableness of the levy" the IRS imposed on his property. The Court construes this statement as a request for declaratory relief. The Declaratory Judgment Act, however, specifically precludes declaratory judgments with respect to federal taxes. *Schon v. United States*, 759 F.2d 614, 617-18 (7th Cir. 1985) (citing 28 U.S.C. § 2201(a)); *see also Bob Jones Univ. v. Simon,* 416 U.S. 725, 732 n.2, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974) (amendment including "with respect to Federal taxes" reaffirmed restrictions set out in Anti-Injunction Act). Therefore, the Court does not have jurisdiction over Duever's claim seeking declaratory relief.

   D.   **Freedom of Information Act**

Finally, Duever brings a claim against the IRS under FOIA. *See* 5 U.S.C. § 552 *et seq.*

---

³ The other statutory exceptions to 26 U.S.C. § 7421(a) do not apply to the circumstances in this case. *See* 26 U.S.C. §§ 6015(e), 6212 (a), (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6631(i), 6672(c), 6694(c), 7426(a), (b)(1), & 7436.

FOIA serves the "basic purpose of ensuring an informed citizenry, vital to the functioning of a democratic society." *Bensman v. United States Forest Serv.,* 408 F.3d 945, 958 (7th Cir. 2005) (citation omitted). FOIA requires federal agencies to make information available to the public when requested unless the information falls within one of nine exemptions. *Enviro Tech Int'l, Inc. v. United States Envtl. Prot. Agency,* 371 F.3d 370, 374 (7th Cir. 2004). FOIA gives federal district courts subject matter jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld." *GTE Sylvania, Inc. v. Consumers Union*, 445 U.S. 375, 384, 100 S.Ct. 1194, 1201, 63 L.Ed.2d 467 (1980) (citing 5 U.S.C. § 552(a)(4)(B)). Thus, under Section 552(a)(4)(B), a plaintiff must establish that the federal agency improperly withheld the requested records. *Id.*

In his Complaint, Duever contends that the IRS failed to produce certain documents that he requested on December 15, 2004. In response to this claim, the IRS has produced documents concerning Duever's FOIA request, including Duever's request letter sent to B. Jackson, Revenue Officer, dated December 15, 2004 and stamped "received" on January 21, 2005. (*See* R. 21-1, Defs' Supplemental Memo., Ex. 1.) On February 17, 2005, an IRS disclosure specialist wrote Duever a letter responding to his FOIA request. (*Id.*, Ex. 2.) The disclosure specialist explained that the IRS was unable to respond to his request in a timely fashion and that under FOIA, an extension was allowed. (*Id.*) Thereafter, in a letter dated March 4, 2005, the IRS responded substantively to Duever's FOIA request. (*Id.*, Ex. 3.) This letter also explained that Duever's request for Form 23C, the Summary Record of Assessment ("SRA") for tax years 1995 through 2000, was difficult to fulfill because of the costs associated in searching the SRA, which is an aggregate record of assessment and does not identify individual taxpayers. (*Id.*) Thus, the

IRS provided Duever with a literal transcript in lieu of the SRA request. In addition, the letter informed Duever that FOIA does not require government agencies to do research, and thus directed Duever to various Internal Revenue Manuals and the IRS website. Based on these documents, the IRS fulfilled Duever's FOIA request, and thus Duever cannot establish that the IRS improperly withheld the requested documents as required under Section 552(a)(4)(B).

Once an agency produces the requested documents, any claim for relief under FOIA becomes moot. *Walsh v. Department of Veterans Affairs,* 400 F.3d 535, 536-37 (7th Cir. 2005). There are two exceptions to this mootness doctrine, namely, cases involving "voluntary cessation" and actions that are "capable of repetition yet evading review." *Id.* at 537. Whether either exception applies to Duever's claim is contingent on his future FOIA requests and if the IRS will respond to such requests in a timely manner. *See id.* Any such theoretical possibility, however, does not fulfill the exceptions' requirements. *See id.; see also Wernsing v. Thompson,* ___ F.3d ___, No. 03-3956, 2005 WL 2174432, at *9 (7th Cir. Sept. 9, 2005) ("mere 'theoretical possibility' of a repeat violation is not enough"). As such, the Court does not have jurisdiction over Duever's moot claim. *Wisconsin Right to Life, Inc. v. Schober,* 366 F.3d 485, 490-91 (7th Cir. 2004) (claims not involving actual, ongoing controversies are moot and must be dismissed for lack of subject matter jurisdiction).

## **CONCLUSION**

For the reasons discussed above, the Court grants Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Dated: October 11, 2005

                                              **ENTERED:**

                                              */s/ Amy J. St. Eve*
                                              **AMY J. ST. EVE**
                                              **United States District Court Judge**